**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SEBASTIAN ZAPETA, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

    Plaintiff,

v.

THE BAHCHE, INC.
   d/b/a BISON & BOURBON,
SHNEUR MINSKY, and LIOR HACHMON,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff SEBASTIAN ZAPETA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against THE BAHCHE, INC. d/b/a BISON & BOURBON, ("Corporate Defendant"), SHNEUR MINSKY, and LIOR HACHMON ("Individual Defendants" and together with the Corporate Defendant, "Defendants") and states as follows:

**INTRODUCTION**

1.    Plaintiff alleges, pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (i) unpaid overtime wages due to misclassification of non-exempt workers as exempt, (ii) unpaid

1

minimum wages, including unpaid overtime wages, due to misclassification of a non-exempt worker as exempt, (iii) liquidated damages and (iv) attorneys' fees and costs.

2. Plaintiff alleges, pursuant to New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (i) unpaid overtime wages, including unpaid overtime wages, due to misclassification of non-exempt workers as exempt, (ii) unpaid spread of hours premium, (iii) liquidated damages, (iv) statutory penalties, and (v) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District and because the events giving rise to this action took place in this District.

## PARTIES

5. Plaintiff is a resident of Brooklyn, New York.

6. At all times relevant to this action, Defendants have owned and operated "Bison & Bourbon" (the "Restaurant") at 191 7th Street, Brooklyn, NY 11215.

7. Corporate Defendant is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service located at 191 7th Street, Brooklyn, NY 11215.

8. Individual Defendant SHNEUR MINSKY is a principal and owner of the Corporate Defendant. SHNEUR MINSKY exercises operational control as it relates to all employees

2

including Plaintiff, FLSA Collective Plaintiffs, and the Class. SHNEUR MINSKY frequently visits the Restaurant. SHNEUR MINSKY exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to SHNEUR MINSKY directly regarding any of the terms of their employment, and SHNEUR MINSKY would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. SHNEUR MINSKY exercised functional control over the business and financial operations of the Corporate Defendant. SHNEUR MINSKY had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

9. Individual Defendant LIOR HACHMON is a principal and owner of the Corporate Defendant. LIOR HACHMON exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. LIOR HACHMON frequently visits the Restaurant. LIOR HACHMON exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant could complain to LIOR HACHMON directly regarding any of the terms of their employment, and LIOR HACHMON would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. LIOR HACHMON exercised functional control over the

3

business and financial operations of the Corporate Defendant. LIOR HACHMON had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

11. At all relevant times, Corporate Defendant employed at least fifteen (15) employees within the meaning of FLSA and NYLL.

12. At all relevant times Defendants were Plaintiff's employer within the meaning of NYLL § § 2 and 651.

13. At all relevant times, Plaintiff was Defendants' employee within the meaning of NYLL § § 2 and 651.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including, but not limited to, delivery persons, runners, barbacks, porters, cooks, line-cooks, food preparers, and dishwashers) that were misclassified as exempt and were employed by Defendants on or after the date that is six (6) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their

proper wages, including overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, due to a policy of misclassifying employees as exempt. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiff for: (i) unpaid wages, including unpaid overtime, due to a policy of misclassifying employees as exempt, (ii) statutory penalties, (iii) liquidated damages, and (iv) attorney's fees and costs.

17.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. § 216(b). FLSA Collective Plaintiffs are readily ascertainable. The number and identity of FLSA Collective Plaintiffs are able to be determined from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each FLSA Collective Plaintiffs are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

18.     Plaintiff brings claims under NYLL for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including, but not limited to, delivery persons, runners, barbacks, porters, cooks, line-cooks, food preparers, and dishwashers) that were misclassified as exempt and employed by Defendant on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class members").

19.     At all relevant times, Plaintiff and Class members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols,

routines, and rules, all culminating in a willful failure to pay all wages owed, including overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, due to a policy of misclassifying employees as exempt, and unpaid spread of hours premiums.

20. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are based are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class members in the Class.

22. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime wages because of a policy of misclassifying employees as exempt, and failure to pay spread of hours premiums, in violation of NYLL.

23. Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Class members because of a policy of misclassifying employees as exempt, in violation of NYLL.

24. Defendants failed to provide proper wage notices and failed to provide proper wage statements to Plaintiff and Class members in violation of NYLL.

25. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

26. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28. Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and Class members within the meaning of NYLL;
   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;
   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;
   d) Whether Defendants paid Plaintiff and Class members overtime wages for all overtime hours worked;

e) Whether Defendants wrongly treated Plaintiff and Class members as exempt, and failed to pay Plaintiff and Class members wages, including overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek;

f) Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members "spread of hours" premiums, as required under NYLL;

g) Whether Defendants operated their business with a policy of failing to pay Plaintiff and Class members for all hours worked;

h) Whether Defendants improperly paid employees on a fixed salary basis;

i) Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of NYLL; and

j) Whether Defendants provided proper wage notices to Plaintiff and Class members per requirements of NYLL.

## STATEMENT OF FACTS

30. Plaintiff was employed by Defendants as a porter and dishwasher from in or about March 2018 to around January 22, 2022. As a porter and dishwasher, Plaintiff worked at Defendants' Restaurant, located at 191 7th Street, Brooklyn, NY 11215. Plaintiff's duties were to clean the Restaurant and wash dishes.

31. During the duration of Plaintiff's employment, he was paid at a fixed salary, and was paid by check on a weekly basis.

32. During the duration of Plaintiff's employment, his fixed salary varied. From the start of his employment in or about March 2018 to in or around June 2020, Plaintiff was paid eight

9

hundred and fifty dollars ($850) per week; from June 2020 through December 2021, during the COVID-19 pandemic, Plaintiff was paid six hundred and fifty dollars ($650) per week; from December 2021 to the end of his employment, Plaintiff was paid eight hundred dollars ($800) per week. FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis.

33. At all relevant times, Plaintiff worked five (5) days a week. His shifts spanned from 1:00 p.m. to 1:00 a.m. on Monday through Thursday and Sunday, totaling sixty (60) hours per week. Even though the Restaurant officially opened at 5:00 p.m., as a porter and dishwasher, Plaintiff was required to arrive at 1:00 p.m. to ensure food preparation and readiness, as mandated by the Restaurant's commitment to delivering fresh dishes daily. From November through March, when the Restaurant operated on Saturday, opening at 7:00 p.m., Plaintiff's workload expanded to include a shift from 7:00 p.m. to 12:00 a.m. on Saturdays, resulting in a total of sixty-five (65) hours worked per week. For these Saturday shifts, Plaintiff did not need to arrive earlier, as preparations were completed on Thursday nights.

34. At all times of Plaintiff's employment, he was required to work through his lunch breaks. As a result, Plaintiff was never permitted to take a free and clear meal break. FLSA Collective Plaintiffs and Class members were similarly required to work through their lunch breaks.

35. At no time during the duration of his employment was Plaintiff paid overtime wages for his hours worked over forty (40) in a workweek, regardless of how many hours he worked in a workweek. because Defendants have classified him as exempt. This is a misclassification, however. There was never any agreement between Plaintiff and Defendants that this fixed salary would cover overtime hours. Similarly, Class members were also compensated on a fixed salary

basis regardless of the number of hours they worked in a workweek. There was no agreement between Class members and Defendants that this fixed salary would cover overtime hours.

36. Additionally, due to Defendants' paying Plaintiff on a fixed salary basis for all hours worked, Plaintiff was not compensated at the required minimum wage for the hours he worked for Defendants. Also, there was no agreement by Plaintiff or Class members that any portion of this fixed salary covered overtime hours.

37. Defendants were not entitled to classify Plaintiff as an exempt worker because he does not fall into any of the exemption categories, under either FLSA or NYLL. FLSA Collective Plaintiffs and Class members similarly are not exempt.

38. Additionally, during the duration of Plaintiff's employment, Plaintiff regularly worked shifts exceeding ten (10) hours in duration. However, Plaintiff never received any "spread of hours" premium for working such shifts, as required under NYLL. Similarly, Class members regularly worked shifts exceeding ten (10) hours in duration and were never paid "spread of hours" premium.

39. Defendants knowingly and willfully operated their business with a policy of not paying for all hours worked to Plaintiff, FLSA Collective Plaintiffs and Class members in violation of FLSA and NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not properly compensating either FLSA or New York State overtime rate of time and one-half the hourly rate to Plaintiff, FLSA Collective Plaintiffs, and Class members.

41. At no time during the relevant periods did Defendants provide Plaintiff, FLSA Collective Plaintiffs or Class members with proper wage and hour notices, at hiring or annually thereafter, in violation of NYLL.

42. At no time during the relevant periods did Defendants provide Plaintiff with proper wage statements as required by NYLL. Similarly, Class members also did not receive proper wage statements, in violation of NYLL.

43. Additionally, all wage statements Defendants provided to Plaintiff or Class members were improper, since Defendants treated Plaintiff and Class members as exempt workers when they were not exempt. Thus, the wages received by Plaintiff and Class members did not account for their overtime hours.

44. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interests in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

45. Due to Defendants' failure to properly provide legally mandated notices such as earning statements and wage notices with accurate information, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members. The failure to: (i) properly inform Plaintiff and Class members of their pay rates, (ii) account for all hours worked by Plaintiff on their wage

statements, and (iii) compensate Plaintiff and Class members at the proper rates for all regular and overtime hours worked caused Plaintiff to struggle to timely pay their bills. Class members similarly have struggled to timely pay debts due to Defendants' continued attempts to hide wrongdoing from employees.

46.    In this case, Plaintiff, FLSA Collective Plaintiffs, and Class members, suffer concrete, downstream consequences from the Defendants' recordkeeping violations. Due to Defendants' failure to include all hours worked and the proper overtime rate in the wage notice and statements, Plaintiff was underpaid for the duration of his employment when he should have been paid proper overtime premiums at a rate of 1.5 times his regular hourly rate for the hours he worked over forty (40) hours. Because Plaintiff was not apprised of his proper rates and hours, he had no chance to determine whether he was underpaid or not. This ultimately led to Plaintiff's struggle to pay bills and debts and make other necessary purchases. Similarly, FLSA Collective Plaintiffs and Class members suffered similar monetary injury from Defendants' recordkeeping violations.

47.    In addition, Defendants failed to maintain accurate recordkeeping of the hours Plaintiff worked and failed to pay Plaintiff appropriately for all hours worked, including hours worked over forty (40) in a workweek, for which Plaintiff was due an additional overtime premium.

48.    Due to these unlawful acts of Defendants, Plaintiff suffered liquidated damages in an amount not presently ascertainable. In addition, Plaintiff is entitled to reasonable attorney's fees, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

49.    From his discussions with co-workers, Plaintiff learned that many other employees of Defendants had also been misclassified as exempt, although they did not fall into any of the

exemption categories, under either FLSA or NYLL. As a result of this misclassification, these other employees also did not receive all of their minimum wages and overtime compensation.

50. Defendants' violations of FLSA and NYLL were willful, as Defendants were perfectly aware that Plaintiff was not qualified as an exempt employee under either FLSA or NYLL.

51. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

52. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

53. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

54. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of FLSA.

55. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

56. At all relevant times, Defendants willfully violated Plaintiff and FLSA Collective Plaintiffs rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to a policy of misclassifying them as exempt.

57. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

58. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

59. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their willful failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

60. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

61. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

62. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime,, plus an equal amount as liquidated damages.

63. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF NEW YORK LABOR LAW**

64. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

65. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

66. At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of not paying Plaintiff and Class members the prevailing New York City minimum wage rate and proper overtime due to, due to a policy of misclassifying them as exempt, in violation of NYLL.

67. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and Class members for their overtime work due to a policy of misclassifying them as exempt, in violation of NYLL.

68. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and Class members their spread of hours premiums for shifts lasting longer than ten (10) hours in duration due to a policy of misclassifying them as exempt, in violation of NYLL.

69. At all relevant times, Defendants knowingly and willfully operated their business with a policy and practice of refusing to pay Plaintiff and Class members for all hours worked, including hours worked in excess of forty (40) in a workweek, due to a policy of misclassifying them as exempt, in violation of NYLL.

70. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing a free and clear break, in direct violation of NYLL.

71. At all relevant times, Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

72. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not properly notifying employees of their overtime rate, in direct violation of NYLL.

73. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually thereafter, in direct violation of NYLL.

74. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements clearly indicating their overtime rate and all hours worked for each payment issued to Plaintiff and Class Members, as required by NYLL.

75. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime, unpaid spread of hours premium, unpaid compensable break time, , reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime wages, due under FLSA and NYLL;

d. An award of unpaid wages, including statutory minimum wages, due under NYLL;

e. An award of unpaid spread of hours premium under NYLL;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages for all hours worked, including overtime compensation for all hours worked over forty (40) per workweek, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages and overtime wages for all hours worked, due to an improper fixed salary compensation scheme, pursuant to FLSA and NYLL;

h. An award of unpaid wages, including overtime compensation, due to Defendants' failure to pay spread of hours premiums under NYLL;

i. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under NYLL;

j. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

k. An award of statutory penalties, pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l. Designation of Plaintiff as the Representative of FLSA Collective Plaintiffs;

m. Designation of this action as a class action pursuant to F.R.C.P. 23;

n. Designation of Plaintiff as Representative of the Class;

o. Payment of a reasonable service award to Plaintiff, in recognition of the services he has rendered and will continue to render to Class members, and the risks he has taken and will take; and

p. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: November 20, 2023

Respectfully submitted,
By: */s/ C.K. Lee*
C.K. Lee, Esq. (CL 4086)

**LEE LITIGATION GROUP, PLLC**
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,
FLSA Collective Plaintiffs,
and the Class*